## No. 9748.

### J. A. MERCIER ET AL. VS. CITY OF NEW ORLEANS.

Section 9, of Act 107 of 1884, only confers upon the city council of New Orleans power to revise valuations and correct descriptions of property actually assessed and entered upon the rolls by the board of assessors. It does not authorize the council to make original assessments or to list property which the board has omitted from the rolls. Such omissions are to be corrected by the board of assessors in the manner pointed out by Section 2 of the same act.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Braughn, Buck, Dinkelspiel & Hart* for Plaintiffs and Appellants.

*Walter H. Rogers,* City Attorney, for Defendant and Appellee.

---

The opinion of the Court was delivered by

FENNER, J.   On May 2, 1885, the plaintiffs became the adjudicatees at public auction of the real estate formerly known as "Christ Church," on Canal street, which, up to that time, had been used as a place of public worship and was exempt from taxation under Art. 207 of the Constitution.

The authentic title under the sale was only completed and recorded on June 6, 1885.

The board of assessors, who were required under the law (Sec. 8, of Act 107 of 1884) to complete their assessment "on or before the 31st of July," failed to list said property for taxation in any manner.

The city council of New Orleans, acting under its construction of Sec. 9, of Act 107 of 1884, after notice to plaintiffs, undertook to supply this

omission and to order the property to be placed on its rolls as subject to taxation on an assessment of $75,000.

Plaintiffs, averring the illegality and nullity of said proceedings on various grounds and suggesting apprehended injury, bring this suit to have them annulled and cancelled.

No exception is taken to the proceeding, which is submitted on the merits of the case.

At the trial, the following admission was made: "This property was not assessed by the board of assessors, and has not been assessed by them either for State or municipal taxation to this day."

The only warrant assigned for the council's action is Sec. 9, of Act 107 of 1884, in the following words:

"SEC. 9. *Be it further enacted*, etc., That Sec. 27 of the aforesaid act be amended and re-enacted so as to read as follows: That all taxpayers shall have the right to appear before a standing committee on assessment of the city council of New Orleans, and in other parishes before the board of reviewers, as provided for in the aforesaid act, during the sessions of said boards, and be heard concerning the description of the property listed and the valuations of the same as assessed, and they shall have the right of testing the correctness of their assessments before the courts of justice in any procedure which the Constitution and laws may permit; but the action to test such correctness shall be instituted on or before the first day of November of the year in which the assessment is made. The said committee on assessment shall meet on the second Monday of the month of August, in the city of New Orleans, of each year, to consider and examine into the applications of those owners of assessed property who believe the assessor's valuation to be in excess of and beyond the actual cash value of the property so assessed. Said committee shall determine upon said applications and report their action at once to the city council for its approval or rejection, and such decision by the council shall be final, unless set aside, in accordance with Article 203 of the Constitution. That the said committee on assessment shall be and are hereby empowered to increase any assessment imperfectly or improperly made; provided, that before said increase is made, the taxpayer be served with a notice to appear before said committee within five days and show why such increased assessment should not be made."

Our opinion is very clear that this section only confers on the council power to revise valuations and correct description or other imperfections in assessment of property made by the board of assessors and entered upon their rolls, but that it does not confer power to make

original assessments or to list property which the board has, whether intentionally or inadvertently, omitted from the rolls.

The remedy for such omission is clearly pointed out in Section 2 of the same act, which authorizes the board of assessors to correct it, and defines the proceeding by which this may be done.

The theory of the city seems to be that when a person is not assessed for all the property belonging to him, such assessment is imperfectly made within the purview of Section 9. But it is property, and not persons, which is made the subject of assessment, and the whole context of the statute shows that the section refers exclusively to imperfections in the assessment of property actually listed and assessed by the board of assessors.

The action of the city council in making this assessment was clearly unauthorized, and plaintiffs are entitled to relief.

Rights of parties under proper proceedings are reserved.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now adjudged and decreed that there be judgment in favor of plaintiff, declaring the assessment herein made by the city council of New Orleans to be null and void, and ordering same to be stricken from the records of the city comptroller, and that defendant pay costs in both courts.